IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LYLE STEED JEFFS, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING THE GOVERNMENT'S DEMAND FOR A SPEEDY TRIAL AND MOTION TO CONTINUE THE CURRENT TRIAL DATE<br><br>Case No. 2:16-CR-82 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on the government's Demand for a Speedy Trial and Motion to Continue the Current Trial Date.[1] Defendants Lyle Steed Jeffs and Winford Johnson Barlow have opposed the government's Motion.[2] Certain other Defendants have joined those oppositions.[3] For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

On February 17, 2016, the grand jury returned an Indictment against Defendants, charging them with conspiracy to commit Supplemental Nutrition Assistance Program ("SNAP") benefits fraud and conspiracy to commit money laundering.[4] Between February 24, 2016, and

---

[1] Docket No. 215.

[2] Docket Nos. 218, 219. Without seeking leave of the Court, Defendants Kristal Meldrum Dutson and Hyrum Bygnal Dutson both submitted responses after the deadline imposed by the Court. Docket Nos. 222, 226. Those responses are substantially similar to the response submitted by Defendant Winford Johnson Barlow. Because of this, the Court has considered them. Had these responses raised any original arguments, they would have been stricken. Further noncompliance with Court deadlines could result in sanctions.

[3] Docket Nos. 220, 221, 223, 224, 225. Many of the joinders were also submitted after the Court-imposed deadline.

[4] Docket No. 1.

March 2, 2016, Defendants made their initial appearances. The Court set this matter for a status conference on March 22, 2016, and excluded all time under the Speedy Trial from the date of the initial appearances to the status conference.[5]

On March 22, 2016, the Magistrate Judge set this matter for trial to begin on May 31, 2016, within the seventy-day period required by the Speedy Trial Act. The Magistrate Judge also set a status conference before this Court on April 27, 2016. At the April 27, 2016 status conference, the government indicated that it would seek a continuance of the trial date. On May 16, 2016, the government filed the instant Motion.

The government's Motion details the efforts that have been made to compile and produce the voluminous discovery in this case. The Declaration of Chris Andersen, a Special Agent for the Federal Bureau of Investigation, sets out the actions taken by the FBI. He states, in pertinent part:

> Since the arrests in this matter, significant, additional resources have been expended to fulfill the government's obligation in producing the evidence to the defense. The investigative team has allocated the time of seven full-time investigators and between three and five part-time employees to assist with this effort. Additionally there are two Special Agents of the Federal Bureau of Investigation who are part of the taint team for the records obtained from the search warrant at the Meadowayne Dairy, and there have been one to two persons at a time, assigned to help with digital computer and video evidence at the computer forensics lab. In order to meet discovery requirements, the investigative team has exerted extensive hours, many times requiring work hours which extended into nights and weekends. Since the arrests in February 2016, there have been multiple weeks that investigators worked a hundred or more hours. In all, it is estimated that the investigative team has spent between 1600 and 2000 hours preparing evidence for discovery.[6]

---

[5] Docket No. 89.

[6] Docket No. 215 Ex. 2 ¶ 3.

Special Agent Andersen's Declaration also highlights some of the difficulties involved in compiling the discovery and the efforts the FBI has taken to simplify the evidence for defense counsel.

The Declaration of Erica Arvizo, a paralegal with the United States Attorney's Office, similarly details the scope of the discovery and the efforts the government has made to provide that discovery to defense counsel. The relevant portions of Ms. Arvizo's declaration state:

> 6.   On March 21, 2016, I produced a bluray disc containing all investigative reports that had been prepared to date in PDF format to all defense counsel in this case.
> 7.   On April 15, 2016, I produced the following: (24) 2TB hard drives, (89) native discs (for a total of 979 discs), an IPRO database containing 36,371 pages of organized discovery, and three indexes. (Twenty-three of the above-listed hard drives were only provided to the Legal Defenders office due to the large volume of hardware.)
> 8.   On April 27, 2016, I produced an updated comprehensive IPRO database which included an additional 12,204 pages of organized discovery, as well as an index to assist defense with identifying the source of the documents.[7]

As stated by the government at the April 27, 2016 status conference, more discovery will yet be turned over. The government continues to process and produce discovery as expeditiously as possible.[8] The FBI states that it will "have all material turned over to the United States Attorney's Office in advance of the May 30th discovery deadline."[9]

---

[7] *Id.* Ex. 3 ¶¶ 6–8.

[8] *Id.* ¶ 9.

[9] *Id.* Ex. 2 ¶ 8.

## II.  DISCUSSION

The Speedy Trial Act requires "that a criminal trial commence within seventy days of the filing of the indictment or information or the defendant's appearance, whichever occurs last."[10] Certain periods of delay are excluded from computation under the Act.  Relevant here, 18 U.S.C. § 3161(h)(7)(A) excludes

> [a]ny period of delay resulting from a continuance granted by any judge . . . at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.[11]

In making such a finding, the Court must set "forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."[12]

Section 3161(h)(7)(B) sets out the factors the Court is to consider in making this determination:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is

---

[10] *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009); *see also* 18 U.S.C. § 3161(c)(1) ("In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. . . .").

[11] 18 U.S.C. § 3161(h)(7)(A).

[12] *Id.*

unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[13]

The Tenth Circuit has stated that the ends-of-justice exception "'was meant to be a rarely used tool for those cases demanding more flexible treatment.'"[14]  "Accordingly, 'ends-of-justice continuances should not be granted cavalierly.'"[15]

Considering the above-listed factors, the Court finds "that the ends of justice served by [granting the government's Motion] outweigh the best interest of the public and the defendant in a speedy trial."[16]  Specifically, the Court concludes that "the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice."[17]  Further, the Court finds that "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section."[18]

---

[13] *Id.* § 3161(h)(7)(B).

[14] *Toombs*, 574 F.3d at 1269 (citing *United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir. 1989)).

[15] *United States v. Larson*, 627 F.3d 1198, 1203 (10th Cir. 2010) (quoting *United States v. Williams*, 511 F.3d 1044, 1049 (10th Cir. 2007)).

[16] 18 U.S.C. § 3161(h)(7)(A).

[17] *Id.* § 3161(h)(7)(B)(i).

[18] *Id.* § 3161(h)(7)(B)(ii).

This is a complex case. This case involves the prosecution of a large number of Defendants and involves an enormous amount of discovery. As set forth above, the government has produced a large amount of discovery and continues to produce discovery. Additional time is required for all parties to sufficiently review and evaluate that material. Even Defendants admit that it is unreasonable to expect them to "process, review, and evaluate that evidence in preparation for trial in such a short-time frame."[19] Defendant Winford Johnson Barlow has gone so far as to argue that, if this case is not dismissed, the Court should move the trial date to May 2017 to allow adequate time for preparation. Defendants Kristal Meldrum Dutson and Hyrum Bygnal Dutson have joined in this request. Given the voluminous discovery, the Court finds that requiring the parties to go to trial as scheduled would be impossible and would result in a miscarriage of justice. For this same reason, the Court finds that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial within the time limits set out in the Speedy Trial Act.

This case also involves novel questions of law. It is anticipated that Defendants will raise constitutional challenges to their prosecution. The government has tried to address those issues through the filing of their motion in limine. In response to that motion, Defendants argued that "[u]ntil the discovery process is complete, the defendants cannot respond to the Motion *in Limine* in a way that will be helpful to the Court."[20] To date, Defendants have failed to provide any substantive response to the government's motion in limine. Thus, additional time is required to address the novel issues of constitutional, statutory, and regulatory law presented by this case.

---

[19] Docket No. 218, at 4; Docket No. 222, at 4; Docket No. 226, at 4.

[20] Docket No. 193, at 4.

18 U.S.C. § 3161(h)(7)(C) provides that "[n]o continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." Defendant Lyle Steed Jeffs argues that "[t]he government . . . relies upon the congestion of the Court's calendar in making its request to delay the trial until the month of October, 2016."[21] This is not an accurate reflection of the government's Motion. The government's Motion states that it understands "that the court could accommodate a lengthy trial during the month of October."[22] The government suggested the October date because it "would give defendants sufficient time to prepare for trial, yet also meet the interests of the public and the defendants in a speedy trial."[23] The government's Motion does not state that a continuance is required because of congestion of the Court's calendar. Any such statement would be untrue. The Court is willing and able to provide a trial date at the parties' earliest convenience, including the current trial setting. Merely because the Court can accommodate a lengthy trial in October does not mean that the Court cannot accommodate this trial at an earlier date. However, for the reasons discussed above, the Court finds that the current trial setting is untenable.

Most of Defendants' arguments in opposition to the government's Motion turn on the alleged "lack of diligent preparation . . . on the part of the attorney for the Government."[24] Having reviewed the government's submission, the Court cannot find a lack of diligent preparation. Instead, the Court finds that the government has gone to considerable lengths to

---

[21] Docket No. 219, at 2.
[22] Docket No. 215, at 7.
[23] Docket No. 227, at 5.
[24] 18 U.S.C. § 3161(h)(7)(C).

prepare for trial and to provide Defendants the discovery needed for them to make adequate trial preparations. While it may have been preferable for the government to have done more sooner, the government represents that it is ready to proceed to trial. No Defendant has been able to make such a representation. While Defendants argue against the government's request for a continuance, the plain language of the Speedy Trial Act contemplates requests for continuances from the government in complex cases, such as this.

Defendants further argue that the case should be dismissed for violation of the Speedy Trial Act. 18 U.S.C. § 3162(a)(2) states: "If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant."[25] There has been no violation of the Speedy Trial Act to date. Further, as set forth above, the Court finds adequate grounds to continue this matter and exclude time under the Speedy Trial Act. Thus, there is no basis for dismissal under the Act.[26] If Defendants believe they have other legitimate grounds for dismissal, they should file an appropriate motion. The Court declines to deal with such a weighty issue in the context of the instant Motion.

Defendants Lyle Steed Jeffs and Winford Johnson Barlow also object to the proposed October trial date based on scheduling conflicts. While the Court is sympathetic, the Court must

---

[25] *Id.* § 3162(a)(2).

[26] Even if dismissal was required, Defendants have not provided a sufficient basis for their request for dismissal with prejudice. Defendants have provided no analysis of the statutory factors set out in 18 U.S.C. § 3162(a)(2). Further, the Court would note that "[d]ismissals with prejudice 'should be reserved for more egregious violations' of the Speedy Trial Act." *Larson*, 627 F.3d at 1211 (quoting *United States v. Abdush-Shakur*, 465 F.3d 458, 462 (10th Cir. 2006)); s*ee also United States v. Cano-Silva*, 402 F.3d 1031, 1035 (10th Cir. 2005) ("The fact that a violation has taken place is not alone sufficient for the application of the more severe sanction of dismissal with prejudice, which should be reserved for more egregious violations.").

consider the interest the other co-Defendants and the public have in a speedy trial. Based on their failure to bring the issue to the Court's attention, it appears that the vast majority of defense counsel have no conflict with the proposed October trial date. Thus, the Court declines to adjust the October trial setting suggested by the government at this time. Should counsel seek a continuance based on a scheduling conflict, they will need to file a properly supported motion.

Defendants Winford Johnson Barlow, Kristal Meldrum Dutson, and Hyrum Bygnal Dutson argue that, if this case is not dismissed, a continuance to October will be insufficient for adequate preparation. These Defendants request a continuance until May 2017, but have not provided the Court with sufficient information to continue the trial date that far. Without further information, the Court declines to continue the trial for a year. Again, based on their silence on this point, the Court must presume that counsel for the other Defendants believe they could adequately prepare for trial in October. Should Defendants want a continuance beyond October, they must file a properly supported motion explaining their reasoning for such a lengthy delay.

Finally, Defendants make arguments concerning detention (Lyle Steed Jeffs) and release (Winford Johnson Barlow and Hyrum Bygnal Dutson). Should Defendant Jeffs seek reconsideration of the Court's order of detention, he may file a motion to do so. The statements made by the government at the detention hearing before the Magistrate Judge do not alter the Court's analysis with regard to the instant Motion. Should Defendants Barlow and Dutson seek to amend their conditions of pretrial release, they too should file a motion. A response to a motion to continue is not the proper place to raise these issues.

III.  CONCLUSION

It is therefore

ORDERED that the government's Demand for a Speedy Trial and Motion to Continue the Current Trial Date (Docket No. 215) is GRANTED. The trial currently set for May 31, 2016, is continued to October 3, 2016.

For the reasons set forth above, the Court finds that the ends of justice served by granting the government's Motion outweigh the best interest of the public and the defendant in a speedy trial. Specifically, the Court finds that the failure to grant a continuance would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice. Additionally, the Court finds that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. Thus, the time from the filing of the Motion—May 16, 2016—to the new trial date—October 3, 2016—is excluded from computation under the Speedy Trial Act.

Additionally, the Court establishes the following deadlines:

As previously ordered, discovery is to be provided by May 31, 2016.

Responses to the government's Motion in Limine (Docket No. 185) are due by July 1, 2016.

All pretrial motions are due by July 15, 2016.

A final pretrial conference is set for September 19, 2016, at 9:00 a.m.

Proposed jury instructions, proposed verdict form, requests for voir dire, trial briefs, and motions in limine are also due on September 19, 2016.

DATED this 23rd day of May, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge