IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LYLE STEED JEFFS, et al.,<br><br>　　　　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR *JAMES* HEARING<br><br>Case No. 2:16-CR-82 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant Nephi Steed Allred's Motion for *James*[1] Hearing. The other Defendants have joined the Motion.

　　　　Fed. R. Evid. 801(d)(2)(E) provides: "A statement that meets the following conditions is not hearsay: [t]he statement is offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy." Under Fed. R. Evid. 801(d)(2)(E), statements by co-conspirators are properly admissible as non-hearsay at trial if the Court determines, by a preponderance of the evidence, that (1) a conspiracy existed; (2) the declarant and the defendant were both members of the conspiracy; and (3) the statements were made in the course of and in furtherance of the conspiracy.[2] It is the burden of the government to prove each

---

[1] *United States v. James*, 590 F.2d 575 (5th Cir.) (en banc), *cert. denied*, 442 U.S. 917 (1979).

[2] *United States v. Urena*, 27 F.3d 1487, 1490 (10th Cir. 1994).

1

of the elements by a preponderance of the evidence and it is the trial court that determines admissibility.[3]

"Before making a final ruling on the admissibility of such statements, a district court may proceed in one of two ways: (1) hold a *James* hearing outside the presence of the jury or (2) provisionally admit the evidence but require the Government to connect the statements to the conspiracy during trial."[4] A *James* hearing is the "strongly preferred" method in the Tenth Circuit of determining the admissibility of coconspirator statements.[5] However, this remains a preference and the district court retains discretion.[6] The Tenth Circuit has held that there is no abuse of discretion in denying a pretrial *James* hearing when the hearing would be lengthy and would entail calling and recalling officers and witnesses in an elaborate and repetitive procedure.[7]

Given the nature of this case, the Court declines to conduct a *James* hearing at this time. Instead, within twenty-one (21) days before trial, the government is directed to submit a written proffer detailing the evidence it believes shows the existence of the conspiracy and the membership of that conspiracy.[8] In addition, the government shall include a list of statements, or

---

[3] *Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987); *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995).

[4] *United States v. Cornelio-Legarda*, 381 F. App'x 835, 845 (10th Cir. 2010).

[5] *Urena*, 27 F.3d at 1491.

[6] *Id.*

[7] *United States v. Hernandez*, 829 F.2d 988, 994 (10th Cir. 1987).

[8] The government's response to the Motion for *James* hearing provides some evidence supporting the existence of a conspiracy, but does not adequately address the membership of the alleged conspiracy.

categories of statements, that it will seek to introduce as co-conspirator statements. After review of that proffer, Defendants may re-assert their request for a *James* hearing, if necessary.

It is therefore

ORDERED that Defendants' Motion for *James* Hearing (Docket No. 327) is DENIED WITHOUT PREJUDICE.

DATED this 22nd day of August, 2016.

                BY THE COURT:

                _____
                Ted Stewart
                United States District Judge