IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>LYLE STEED JEFFS,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO CONTINUE<br><br><br><br>Case No. 2:16-CR-82 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Hyrum Bygnal Dutson's Motion to Continue.  That Motion has been joined by Kimball Dee Barlow, Nephi Steed Allred, Winford Johnson Barlow, Rulon Mormon Barlow, Ruth Peine Barlow, Kristal Meldrum Dutson, and Preston Yates Barlow. Counsel for Lyle Steed Jeffs state that they are unable to join the Motion based on Mr. Jeffs' absence, but do not object to a continuance.  Defendants Seth Steed Jeffs and John Clifton Wayman oppose the Motion.  The government supports the Motion.  For the reasons discussed below, the Court will grant the Motion.

## I.  BACKGROUND

On February 17, 2016, the grand jury returned an Indictment against Defendants, charging them with conspiracy to commit Supplemental Nutrition Assistance Program ("SNAP") benefits fraud and conspiracy to commit money laundering.[1]  Between February 24, 2016, and March 2, 2016, Defendants made their initial appearances.

---

[1] Docket No. 1.

The Court set this matter for a status conference on March 22, 2016, and excluded all time under the Speedy Trial from the date of the initial appearances to the status conference.[2] On March 22, 2016, the Magistrate Judge set this matter for trial to begin on May 31, 2016, within the seventy-day period required by the Speedy Trial Act.

On May 16, 2016, the government filed a motion to continue the May 31, 2016 trial date. Over Defendants' objections, the Court granted the motion and continued the trial to October 3, 2016.[3]  In addition to continuing the trial, the Court established various other deadlines. Relevant here, the Court set a deadline of July 15, 2016, for Defendants to file any pretrial motions.[4]

On July 12, 2016, Defendant Lyle Steed Jeffs filed two motions to dismiss.[5]  All Defendants have now joined those motions to dismiss.  Defendants requested an evidentiary hearing on their motion to dismiss related to the Religious Freedom Restoration Act ("RFRA") and the First Amendment.  The Court set an evidentiary hearing for September 6, 2016.  At a status conference on August 30, 2016, the Court agreed to Defendants' request to continue the hearing to October 4, 2016, the current trial date.

---

[2] Docket No. 89.

[3] Docket No. 228.

[4] The deadline for filing motions to suppress has subsequently been extended to September 19, 2016.  *See* Docket No. 528.

[5] Docket Nos. 269 and 273.  Defendants filed other motions, but those motions have all been resolved.  *See* Docket Nos. 489, 490, 492, 493, and 494.

h

## II.  DISCUSSION

The Speedy Trial Act requires "that a criminal trial commence within seventy days of the filing of the indictment or information or the defendant's appearance, whichever occurs last."[6] Certain periods of delay are excluded from computation under the Act.  Section 3161(h)(1)(D) excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."[7]  Section 3161(h)(6) excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."[8]  And, § 3161(h)(7)(A) excludes

> [a]ny period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel . . . , if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.[9]

As stated, Defendant Lyle Steed Jeffs has filed two motions to dismiss.  All Defendants have joined in those motions.  The Court has set an evidentiary hearing on one motion for October 4, 2016.  It is anticipated that further briefing and, perhaps, oral argument will be required before those motions can be decided.  Thus, the time from the filing of those motions— July 12, 2016—through their disposition is automatically excluded from the Speedy Trial Act.

---

[6] *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009); *see also* 18 U.S.C. § 3161(c)(1) ("In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. . . .").

[7] 18 U.S.C. § 3161(h)(1)(D).

[8] *Id.* § 3161(h)(6).

[9] *Id.* § 3161(h)(7)(A).

Defendants also request an ends-of-justice continuance.  Section 3161(h)(7)(B) sets out

the factors the Court is to consider in determining whether to grant an ends-of-justice

continuation:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[10]

The Tenth Circuit has stated that the ends-of-justice exception "'was meant to be a rarely

used tool for those cases demanding more flexible treatment.'"[11]  "Accordingly, 'ends-of-justice

continuances should not be granted cavalierly.'"[12]

Considering these factors, the Court finds that the ends of justice served by granting

Defendants' Motion outweigh the best interest of the public and the defendant in a speedy trial.

Specifically, the Court concludes that "the failure to grant such a continuance in the proceeding

---

[10] *Id.* § 3161(h)(7)(B).

[11] *Toombs*, 574 F.3d at 1269 (citing *United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir. 1989)).

[12] *United States v. Larson*, 627 F.3d 1198, 1203 (10th Cir. 2010) (quoting *United States v. Williams*, 511 F.3d 1044, 1049 (10th Cir. 2007)).

would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice."[13]  Further, the Court finds that "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section."[14]

This is a complex case.  It involves a large number of Defendants and an enormous amount of discovery.  Defendants have been diligently sifting through that evidence, but additional time is required.  Further, this case involves a number of difficult legal issues, as is set forth in the motions to dismiss.  Defendants' RFRA claim requires an evidentiary hearing. While the Court set that hearing before the trial date, it became clear at the status conference on August 30, 2016, that the parties needed additional time to prepare for that hearing.  Based upon these considerations, the Court concludes that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial within the time limits established by the Speedy Trial Act.  Further, proceeding to trial without addressing these issues would make the trial impossible and would result in a miscarriage of justice.

The Court further notes that counsel for Defendant Kimball Dee Barlow was recently permitted to withdraw and new counsel was appointed.  New counsel will need additional time to prepare.  Additionally, several counsel have scheduling conflicts with the current trial date.  A failure to continue the trial under these circumstances would result in a miscarriage of justice.

---

[13] *Id.* § 3161(h)(7)(B)(i).

[14] *Id.* § 3161(h)(7)(B)(ii).

Defendants Seth Steed Jeffs and John Clifton Wayman oppose a continuance.  However, since both Defendants have joined in the motions to dismiss, time under the Speedy Trial Act is automatically excluded under § 3161(h)(1)(D).  Further, § 3161(h)(6) excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."[15]

"The obvious purpose behind the exclusion is to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial."[16]  That section requires any period of delay be "reasonable."  "In determining reasonableness of the period excluded, all relevant circumstances must be considered."[17]  In particular, the Tenth Circuit has provided three factors to consider: "(1) whether the defendant is free on bond, (2) whether the defendant zealously pursued a speedy trial, and (3) whether the circumstances further the purpose behind the exclusion to 'accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial.'"[18]

Considering these factors, the Court finds that a continuance is appropriate.  While these two Defendants are in custody, this fact is not dispositive.[19]  Moreover, the other two factors weigh in favor of a continuance.  These Defendants have joined the motions to dismiss and the other motions filed by their co-Defendants.  Thus, unlike the defendant in *Theron*, who "did not join any of his codefendants' motions, and was willing to be tried immediately even if it meant

---

[15] *Id.* § 3161(h)(6).

[16] *United States v. Theron*, 782 F.2d 1510, 1514 (10th Cir. 1986).

[17] *Id.*

[18] *United States v. Vogl*, 374 F.3d 976, 984 (10th Cir. 2004) (quoting *United States v. Olivo*, 69 F.3d 1057, 1061–62 (10th Cir. 1995)).

[19] *United States v. Margheim*, 770 F.3d 1312, 1319 n.2 (10th Cir. 2014).

waiving certain rights," it cannot be said that these Defendants have "used all means available to [them] to secure an immediate trial."[20]   Further, the government here has charged a conspiracy. "Where 'the government will recite a single factual history, put on a single array of evidence, and call a single group of witnesses,' a single trial is preferred."[21]   Thus, even though Defendants Seth Steed Jeffs and John Clifton Wayman oppose a continuance, a continuance is proper under the Speedy Trial Act for all the reasons set forth above.

### III.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Continue (Docket No. 475) is GRANTED.  The trial currently set for October 3, 2016, is continued to January 30, 2017.  The time from the filing of the Motion—August 17, 2016—to the new trial date—January 30, 2017—is excluded from computation under the Speedy Trial Act.

DATED this 1st day of September, 2016.

BY THE COURT:

_____

Ted Stewart
United States District Judge

---

[20] *Theron*, 782 F.2d at 1512, 1513.  The Court recognizes that Defendants have moved to sever or dismiss, and will address that motion by separate order.

[21] *United States v. Tranakos*, 911 F.2d 1422, 1426 (10th Cir. 1990) (quoting *United States v. Mobile Materials, Inc.*, 871 F.2d 902, 916 (10th Cir. 1989)).