IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LYLE STEED JEFFS, et al.,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTIONS TO SEVER OR, ALTERNATIVELY, DISMISS<br><br><br>Case No. 2:16-CR-82 TS<br><br>District Judge Ted Stewart |

  This matter is before the Court on a Motion to Sever or, Alternatively, Dismiss filed by Defendant John Clifton Wayman. Defendant Seth Steed Jeffs has joined the Motion. For the reasons discussed below, the Court will deny Defendants' Motions.

## I.  BACKGROUND

  Defendants are charged with conspiracy to commit Supplemental Nutrition Assistance Program ("SNAP") benefits fraud and conspiracy to commit money laundering. Defendants were initially detained, but were later released on conditions. On August 23, 2016, the Court determined that Defendants had violated the terms of their pretrial release. Defendants' pretrial release was revoked and they were ordered detained pending trial. Defendants now seek severance or dismissal. The government has failed to respond to Defendants' Motions.

## II.  DISCUSSION

  Federal Rule of Criminal Procedure 8(b) states: "The indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." However, under Rule

14(a), "[i]f the joinder of . . . defendants . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

As a general rule, individuals indicted together should be tried together.[1] A defendant wishing to obtain severance must show actual prejudice will result from failure to sever the trials.[2] Severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."[3]

Defendants argue that severance is required to protect their Sixth Amendment right to a speedy trial. In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, a court must consider four factors: (1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of his right; and (4) any prejudice to the defendant.[4]

"The first factor, length of delay, functions as a triggering mechanism" and "[t]he remaining factors are examined only if the delay is long enough to be presumptively prejudicial."[5] "Delays approaching one year generally satisfy the requirement of presumptive prejudice."[6] "The length of delay is measured from the time at which the speedy trial right attaches: the earlier of either arrest or indictment."[7]

---

[1] *United States v. Rinke*, 778 F.2d 581, 590 (10th Cir. 1985).

[2] *United States v. Hack*, 782 F.2d 862, 870 (10th Cir. 1986).

[3] *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

[4] *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

[5] *United States v. Yehling*, 456 F.3d 1236, 1243 (10th Cir. 2006).

[6] *United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006).

[7] *Id.*

Defendants were indicted on February 17, 2016.  Less than eight months have passed since the Indictment was issued and trial is currently set for January 30, 2017.  This delay, while lengthy, has not yet reached the level of being presumptively prejudicial.[8]  Therefore, this factor weighs against Defendants and the Court need not consider the remaining factors.  Even considering these factors, the Court would conclude that Defendants' Sixth Amendment right to a speedy trial has not been violated.

Defendants also argue that severance is required to protect their rights under the Speedy Trial Act.  Under the Speedy Trial Act, a trial must commence within seventy days of a defendant's first appearance.[9]  However, certain delays are excludable under the Act.  Section 3161(h)(1)(D) excludes periods of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  Section 3161(h)(6) excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."  And, § 3161(h)(7)(A) excludes "[a]ny period of delay resulting from a continuance granted by any judge . . . on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

Defendants' Motions focus on § 3161(h)(6).  "The obvious purpose behind the exclusion is to accommodate the efficient use of prosecutorial and judicial resources in trying multiple

---

[8] *United States v. Abdush-Shakur*, 465 F.3d 458, 465 (10th Cir. 2006) (concluding that a fourteen month delay might qualify as presumptively prejudicial, but an eleven month delay would not); *see also United States v. Gomez*, 67 F.3d 1515, 1523 (10th Cir. 1995) (holding that twelve and one-half month delay does not rise to the level of a constitutional violation).

[9] 18 U.S.C. § 3161(c)(1).

defendants in a single trial."[10]  That section requires any period of delay be "reasonable."  "In determining reasonableness of the period excluded, all relevant circumstances must be considered."[11]  In particular, the Tenth Circuit has provided three factors to evaluate: (1) "whether the defendant is free on bond, (2) whether the defendant zealously pursued a speedy trial, and (3) whether the circumstances further the purpose behind the exclusion to 'accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial.'"[12]

In this case, the first factor weighs in Defendants' favor.  Defendants John Clifton Wayman and Seth Steed Jeffs are both in custody as a result of their pretrial release violations.  However, the fact that they are in custody is not dispositive.[13]

The second factor is less clear.  Defendants state that they seek a speedy trial.  However, they have both joined in two substantive motions to dismiss, have joined several other motions that have now been resolved, may yet join in recently filed motions to suppress, and will likely file various motions in limine.  Thus, it cannot be said that they have "used all means available to [them] to secure an immediate trial."[14]

The third factor relates to the reason for the exclusion.  "Where the government will recite a single factual history, put on a single array of evidence, and call a single group of

---

[10] *United States v. Theron*, 782 F.2d 1510, 1514 (10th Cir. 1986).

[11] *Id.*

[12] *United States v. Vogl*, 374 F.3d 976, 984 (10th Cir. 2004) (quoting *United States v. Olivo*, 69 F.3d 1057, 1061 (10th Cir. 1995)).

[13] *United States v. Margheim*, 770 F.3d 1312, 1319 n.2 (10th Cir. 2014).

[14] *Theron*, 782 F.2d at 1513.

witnesses, a single trial is preferred."[15]  Here, the government has charged a single conspiracy. Therefore, this factor weighs against Defendants.[16]  As the Court has previously determined, the time from the previous trial date to the new trial date is properly excluded under this provision of the Speedy Trial Act.[17]

Further, Defendants' Motions fail to appreciate that § 3161(h)(6) is not the only provision of the Speedy Trial Act at issue.  As stated, Defendant Lyle Steed Jeffs has filed two motions to dismiss that these Defendants have joined.  This fact alone distinguishes Defendants from the defendant in *Theron* who "did not join any of his codefendants' motions, and was willing to be tried immediately even if it meant waving certain rights."[18]  The Court and the parties have diligently been working to resolve these motions but, until they are resolved, the Speedy Trial clock continues to be tolled.[19]  Additionally, as the Court has previously found, time under the Speedy Trial Act has been tolled to allow for necessary preparation.[20]

Defendants further argue that severance is necessary given the nature of the evidence expected to be presented.  Defendants argue that the evidence against them is distinct in time, place, and manner from that of their co-Defendants.

---

[15] *United States v. Tranakos*, 911 F.2d 1422, 1426 (10th Cir. 1990) (quotation marks omitted).

[16] *Id.* (finding that this factor weighs against a defendant where a single conspiracy was charged).

[17] Docket No. 530, at 6–7.

[18] *Theron*, 782 F.2d at 1512.

[19] 18 U.S.C. § 3161(h)(1)(D).

[20] Docket No. 530, at 3–5; *see also* 18 U.S.C. § 3161(h)(7).

The Tenth Circuit has recognized that "in a conspiracy trial it is preferred that persons charged together be tried together."[21] "Indeed, absent a showing of clear prejudice, a joint trial of the defendants who are charged with a single conspiracy in the same indictment is favored where proof of the charge is predicated upon the same evidence and alleged acts."[22]

As stated, Defendants argue that the conduct forming the basis for the charges against them is separate and distinct from the other charged Defendants. "However, a mere disparity in the evidence from a quantitative standpoint against each defendant in a conspiracy case, without more, provides no justification for severance."[23] Further, "[n]either a mere allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the 'spillover effect' from the evidence that was overwhelming or more damaging against the co-defendant than that against the moving party is sufficient to warrant severance."[24] Without more, the Court cannot conclude that a severance is warranted.

### III.  CONCLUSION

It is therefore

ORDERED that Defendants' Motions to Sever or, Alternatively, Dismiss (Docket Nos. 518 and 525) are DENIED. The time from the filing of the Motions through the date of this

---

[21] *United States v. Scott*, 37 F.3d 1564, 1576 (10th Cir. 1994); *see also Hack*, 782 F.2d at 871 ("The general rule in conspiracy cases is that where proof of the charges against defendants is dependent upon the same acts and evidence, persons who are indicted together should also be tried together.")

[22] *Hack*, 782 F.2d at 871.

[23] *Id.*

[24] *Id.* at 870 (citation omitted).

Order is excluded from the computation of the Speedy Trial Act time pursuant to 18 U.S.C. § 3161(h)(1)(D).

DATED this 17th day of October, 2016.

                BY THE COURT:

                _____
                Ted Stewart
                United States District Judge