IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LYLE STEED JEFFS, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT THAT MEMBERS OF THE FLDS CHURCH HAVE A RIGHT TO DONATE THEIR SNAP BENEFITS TO THE FLDS STOREHOUSE<br><br>Case No. 2:16-CR-82 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on the government's Motion in Limine to Exclude Evidence or Argument that Members of the FLDS Church have a Right to Donate Their SNAP Benefits to the FLDS Storehouse. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

Congress created the Supplemental Nutrition Assistance Program ("SNAP") "in order to promote the general welfare, to safeguard the health and well-being of the Nation's population by raising levels of nutrition among low-income households."[1] SNAP was authorized to "permit low-income households to obtain a more nutritious diet through normal channels of trade by increasing food purchasing power for all eligible households who apply for participation."[2] To

---

[1] 7 U.S.C. § 2011.

[2] *Id.*

1

accomplish this goal in most instances, eligible households are issued an allotment that is used then to purchase eligible food from approved retail food stores.[3]

Generally, SNAP benefits may only be used by eligible households to purchase eligible food.[4] The regulations implementing SNAP similarly state that "[p]rogram benefits may be used only by the household . . . to purchase eligible food for the household . . . ."[5] However, there are no specific regulations concerning whether an individual can donate foods received from their benefits to a religious organization.

Congress has made it a crime for anyone to knowingly use, transfer, acquire, alter, or possess SNAP benefits "in any manner contrary to this chapter or the regulations issued pursuant to this chapter."[6] It is also a crime for a person to knowingly present, or cause to be presented, SNAP benefits "knowing the same to have been received, transferred, or used in any manner in violation of the provisions of this chapter or the regulations issued pursuant to this chapter."[7]

## II.  DISCUSSION

The government argues that the SNAP statutes and regulations "necessarily prevent FLDS leaders from systematically requiring members to donate their SNAP benefits to the FLDS

---

[3] *Id.* § 2013(a).

[4] *Id.* ("The benefits so received by such households shall be used only to purchase food from retail food stores which have been approved for participation in the supplemental nutrition assistance program."); *id.* § 2016(b) ("Benefits issued to eligible households shall be used by them only to purchase food from retail food stores which have been approved for participation in the supplemental nutrition assistance program at prices prevailing in such stores.").

[5] 7 C.F.R. § 274.7(a); *see also id.* § 278.2(a) ("Coupons may be accepted by an authorized retail food store only from eligible households or the households' authorized representative, and only in exchange for eligible food.").

[6] 7 U.S.C. § 2024(b).

[7] *Id.* § 2024(c).

Church to be used outside of the authorized households as the church leaders see fit."[8]  The government requests "a ruling that would preclude the defendants from raising [the] argument that donation of their benefits was allowed or authorized by the law, and ruling that the jury should be instructed that the laws and regulations preclude the donation of SNAP benefits."[9]  The government states that its "motion is directed toward the legal issue of what the SNAP laws and regulations require."[10]  "[T]he motion simply requests a legal determination of what the law is, and then the parties can present evidence in the framework of the Court's instructions about the law." [11]

The Court disagrees that the government's Motion simply requests a determination of the applicable legal standards.  Rather, the government's Motion seeks a determination that Defendants' alleged conduct is not authorized by the SNAP statues and regulations.  Because of the unique nature of the SNAP statutes, this determination would necessarily implicate issues that are solely within the province of the jury.

Defendants are charged with conspiring to violate 7 U.S.C. § 2024(b) and (c).  These provisions prohibit using, transferring, acquiring, altering, or possessing SNAP benefits "in any manner contrary to this chapter or the regulations issued pursuant to this chapter"[12] and presenting, or causing to be presented, SNAP benefits "knowing the same to have been received, transferred, or used in any manner in violation of the provisions of this chapter or the regulations

---

[8] Docket No. 185, at 9.

[9] Docket No. 454, at 2.

[10] *Id.* at 4.

[11] *Id.*

[12] 7 U.S.C. § 2024(b).

issued pursuant to this chapter."[13] Unlike most criminal statutes that proscribe specific conduct, the SNAP statutes and regulations detail authorized conduct and prohibit contrary conduct. Thus, a determination that Defendants' alleged conduct is not authorized by the SNAP statutes and regulations would necessarily result in a determination that Defendants' conduct was in violation of the law. The government has set out the relevant statutory and regulatory framework and, from this, asks the Court to conclude that Defendants are prohibited from donating their benefits. This is a determination for the jury, not the Court.

The conclusion that Defendants should be allowed to present evidence that their alleged conduct did not violate the SNAP statutes and regulations is supported by *United States v. Salazar*.[14] In that case, the government presented testimonial evidence concerning what conduct was authorized by the SNAP statutes and regulations.[15] Combining that testimony with the relevant statutory and regulatory language, the court was able to conclude that "[n]either the statute nor the regulations promulgated thereunder authorize the acquisition of food stamps for cash in the manner described at trial in the present case."[16]

The same procedure will be followed here. The Court will instruct the jury as to the relevant statutes and regulations. The parties will be allowed to present evidence concerning what is permitted by those statutes and regulations to assist the jury in determining whether Defendants have acted in a manner contrary to or in violation of those provisions. The concerns raised by the government in its Motion about such evidence encroaching on the role of either the

---

[13] *Id.* § 2024(c).

[14] 720 F.2d 1482 (10th Cir. 1983).

[15] *Id.* at 1484 n.2.

[16] *Id.* at 1484.

jury or the Court can be addressed at trial or in a more narrowly tailored pretrial motion. The Court sees no basis for the wholesale exclusion of evidence and argument on this topic.

Even if this evidence was not relevant to determining whether a violation occurred, it would nonetheless be relevant to determine whether any violation was done knowingly. "[S]cienter is required for conviction under § 2024(b)."[17] The same is true for § 2024(c). Testimony was presented at the October 6, 2016 evidentiary hearing that there is no specific regulation addressing the donation of food obtained from the use of SNAP benefits to a religious organization. This evidence is highly relevant to the determination of whether any alleged violation was done knowingly. The Court will not restrict Defendants' ability to present such evidence. Therefore, the Court will deny the government's Motion.

### III.  CONCLUSION

It is therefore

ORDERED that the government's Motion in Limine to Exclude Evidence or Argument that Members of the FLDS Church have a Right to Donate Their SNAP Benefits to the FLDS Storehouse (Docket No. 185) is DENIED.

DATED this 15th day of November, 2016.

BY THE COURT:

Ted Stewart
United States District Judge

---

[17] *Salazar*, 720 F.2d at 1485.