IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LYLE STEED JEFFS, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS<br><br><br>Case No. 2:16-CR-82 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Lyle Jeffs' Motion to Dismiss on Grounds of Overbreadth and Vagueness. The other Defendants have joined the Motion. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

Congress created the Supplemental Nutrition Assistance Program ("SNAP") "in order to promote the general welfare, to safeguard the health and well-being of the Nation's population by raising levels of nutrition among low-income households."[1] SNAP was authorized to "permit low-income households to obtain a more nutritious diet through normal channels of trade by increasing food purchasing power for all eligible households who apply for participation."[2] To accomplish this goal in most instances, eligible households are issued an allotment that is used then to purchase eligible food from approved retail food stores.[3]

---

[1] 7 U.S.C. § 2011.

[2] *Id.*

[3] *Id.* § 2013(a).

1

Generally, SNAP benefits may only be used by eligible households to purchase eligible food.[4] The regulations implementing SNAP similarly state that "[p]rogram benefits may be used only by the household . . . to purchase eligible food for the household . . . ."[5] However, there are no specific regulations concerning whether an individual can donate foods received from their benefits to a religious organization.

Congress has made it a crime for anyone to knowingly use, transfer, acquire, alter, or possess SNAP benefits "in any manner contrary to this chapter or the regulations issued pursuant to this chapter."[6] It is also a crime for a person to knowingly present, or cause to be presented, SNAP benefits "knowing the same to have been received, transferred, or used in any manner in violation of the provisions of this chapter or the regulations issued pursuant to this chapter."[7]

## II.  DISCUSSION

A.   OVERBREADTH

Defendants first argue that the SNAP statutes and regulations are overbroad as applied to them. Under the overbreadth doctrine, litigants "are permitted to challenge a statute not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from

---

[4] *Id.* ("The benefits so received by such households shall be used only to purchase food from retail food stores which have been approved for participation in the supplemental nutrition assistance program."); *id.* § 2016(b) ("Benefits issued to eligible households shall be used by them only to purchase food from retail food stores which have been approved for participation in the supplemental nutrition assistance program at prices prevailing in such stores.").

[5] 7 C.F.R. § 274.7(a); *see also id.* § 278.2(a) ("Coupons may be accepted by an authorized retail food store only from eligible households or the households' authorized representative, and only in exchange for eligible food.").

[6] 7 U.S.C. § 2024(b).

[7] *Id.* § 2024(c).

constitutionally protected speech or expression."[8]  "The overbreadth doctrine does not apply where there is no significant difference between the claim that the ordinance is invalid because of overbreadth and the claim that it is unconstitutional when applied to the plaintiff's own activities."[9]

Defendants' overbreadth argument is essentially the same as that raised in their companion Motion to Dismiss under RFRA and the First Amendment.  There is no significant difference between their claim that the SNAP statutes and regulations are invalid because of overbreadth and their claim that they are unconstitutional when applied to their own activities.  Therefore, Defendants' as-applied overbreadth challenge rises and falls with their other Motion to Dismiss.  For substantially the same reasons stated in the Court's Memorandum Decision and Order denying that Motion to Dismiss, the Court rejects Defendants' as-applied overbreadth challenge.

B.   VAGUENESS

Defendants next argue that the SNAP statutes and regulations are unconstitutionally vague.  "As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."[10]  "[T]he Constitution demands more clarity of laws which threaten to inhibit constitutionally protected conduct, especially conduct protected by the First Amendment."[11]

---

[8] *Broadrick v. Okla.*, 413 U.S. 601, 612 (1973).

[9] *Faustin v. City & Cty. of Denver, Colo.*, 268 F.3d 942, 949 (10th Cir. 2001).

[10] *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).

[11] *United States v. Gaudreau*, 860 F.2d 357, 360 (10th Cir. 1988).

The Tenth Circuit considered a vagueness challenge to 7 U.S.C. § 2024(b) in *United States v. Salazar*.[12] The defendant in *Salazar* had purchased food stamps from undercover agents for substantially less than what they were worth. Defendant was charged with violating § 2024(b). As set forth above, that provision criminalizes acquiring or possessing food stamps "in any manner contrary to this chapter or the regulations issued pursuant to this chapter." Defendant challenged this portion of the statute, arguing that it was impermissibly vague.

The Tenth Circuit rejected that argument. The court found that neither the statute nor the regulations authorized the acquisition of food stamps for cash in the manner at issue in the case. Instead, "[t]he regulations provide a detailed description of the authorized means of acquiring food stamps" and "[t]he statute and regulations together give sufficient notice of the proscribed conduct and provide adequate standards for enforcement."[13] Other courts have similarly upheld § 2024(b) and its predecessor statute against vagueness challenges.[14]

The same result is required here. Section 2024(b) prohibits a person from knowingly using, transferring, acquiring, altering, or possessing benefits "in any manner contrary to this chapter or the regulations issued pursuant to this chapter." Similarly, § 2024(c) prohibits "present[ing], or caus[ing] to be presented, benefits for payment or redemption . . . knowing the same to have been received, transferred, or used in any manner in violation of the provisions of this chapter or the regulations issued pursuant to this chapter." As set forth above, the statutes and regulations require that SNAP benefits only be used by eligible households to purchase food

---

[12] 720 F.2d 1482 (10th Cir. 1983).

[13] *Id.* at 1485.

[14] *United States v. Marvin*, 687 F.2d 1221, 1228 (8th Cir. 1982); *United States v. Goyette*, 458 F.2d 992, 993 (9th Cir. 1972).

for the household.[15] The statutes and regulations provide sufficient definiteness that ordinary people can understand what conduct is prohibited.

Defendants seek to distinguish *Salazar*, arguing that the statutes and regulations do not "discuss in any way whether it is against the law to donate SNAP benefits to a non-profit, religious and charitable group."[16] The defendant in *Salazar* made a similar argument. The defendant there argued that, in order for the statute to avoid a vagueness challenge, it "must specifically delineate what is prohibited."[17] The Tenth Circuit disagreed, stating "[w]e know of no constitutional mandate for such a legislative drafting decision."[18] As set forth above, the statutes and regulations make clear how SNAP benefits may be used and prohibit contrary uses. In considering these statutes and regulations, the Tenth Circuit concluded that they "give sufficient notice of the proscribed conduct and provide adequate standards for enforcement."[19] Thus, the fact that the statutes and regulations do not specifically address the factual scenario presented by this case does not render them unconstitutionally vague.

---

[15] 7 U.S.C. § 2013(a) ("The benefits so received by such households shall be used only to purchase food from retail food stores which have been approved for participation in the supplemental nutrition assistance program."); *id.* § 2016(b) ("Benefits issued to eligible households shall be used by them only to purchase food from retail food stores which have been approved for participation in the supplemental nutrition assistance program at prices prevailing in such stores."); 7 C.F.R. 274.7(a) ("Program benefits may be used only by the household, or other persons the household selects, to purchase eligible food for the household."); *id.* § 278.2(a) ("Coupons may be accepted by an authorized retail food store only from eligible households or the households' authorized representative, and only in exchange for eligible food.").

[16] Docket No. 273, at 6.

[17] *Salazar*, 720 F.2d at 1485.

[18] *Id.*

[19] *Id.*

Moreover, any vagueness in the statutes and regulations is lessened by the presence of a scienter requirement. As set forth above, both § 2024(b) and § 2024(c) require that any violation be knowing. "[A] scienter requirement may mitigate a criminal law's vagueness by ensuring that it punishes only those who are aware their conduct is unlawful."[20] The Tenth Circuit in *Salazar* specifically noted the presence of the scienter requirement as supporting their conclusion that the defendant's vagueness argument failed.[21]

Defendants further argue "the fact that multiple government law enforcement agencies have been aware for many years that the FLDS community practiced the Law of Consecration and communal living and yet failed to identify any unlawful conduct worthy of prosecuting SNAP fraud provides strong evidence of vagueness."[22] Defendants' only support for this argument is a single statement from the former U.S. Attorney for Utah, Mr. Brett Tolman, before the U.S. Senate Judiciary Committee in July 2008. In that statement, Mr. Tolman acknowledged that his office had investigated various alleged crimes committed by polygamous groups, including food stamp fraud. Based upon this statement, Defendants argue that "[t]he only possible conclusion this community could reach was that their conduct violated no SNAP laws or the law was so vague that even multiple law enforcement agencies were unable to determine whether a crime was occurring."[23] As a result, Defendants argue that the government should be estopped from pursuing this prosecution.

---

[20] *Gaudreau*, 860 F.2d at 360.

[21] *Salazar*, 720 F.2d at 1485.

[22] Docket No. 273, at 7.

[23] *Id.* at 8.

Defendants provide no authority for their argument.  The mere fact that federal agencies have been investigating allegations of food stamp fraud does not necessarily mean that no violations occurred or that the SNAP statutes and regulations are unconstitutionally vague.  It is unknown what alleged food stamp fraud was being investigated in 2008 and why no prosecutions were brought.  There are a number of possible reasons why charges were not filed in those prior cases.  For example, the testimony of Mr. Tolman relied upon by Defendants highlighted the difficulties in obtaining probable cause in these cases.  Mr. Tolman stated that it was this issue, not vagueness in the law, that often prevented cases from being prosecuted.  Moreover, the conduct at issue here allegedly began with the implementation of the United Order in 2011.  Thus, any investigations occurring three years prior have little relevance.  Therefore, the mere fact that other investigations into alleged food stamp fraud may have occurred does not support Defendants' arguments of vagueness and does not require dismissal.

### III.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss Indictment (Docket No. 273) is DENIED.  The time from the filing of the Motion through the date of this Order is excluded from the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(D).

DATED this 15th day of November, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge